IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMPLOYERS MUTUAL CASUALTY
COMPANY and EMCASCO INSURANCE
COMPANY, as subrogees and assignees of
Pratt Community College,

        Plaintiffs,

        vs.                          Case No. 05-1003-JTM

PRINCETON DIGITAL (USA) CORP., PGS
OEM, INC., f/k/a PRINCETON GRAPHICS
SYSTEMS, INC., and INSIGHT PUBLIC
SECTOR, INC. (substituted for Insight Direct
USA, Inc.),

        Defendants.

MEMORANDUM AND ORDER

The present matter arises on plaintiffs' claim that defendant PGS OEM allegedly

manufactured a defective computer which was later sold by defendant Insight.  The computer

sold to plaintiffs' insured company, Pratt Community College, allegedly caused a fire which

resulted in over $350,000 in damages. For the following reasons, the court grants plaintiffs'

motion for partial summary judgment against defendant PGS OEM with respect to the amended

complaint's relation back to the January 4, 2005 complaint; denies defendant PGS OEM's

motion to dismiss with respect to the relation back issue; and denies plaintiffs' motion for partial

summary judgment against defendants PGS OEM and Insight Public Sector with respect to the alleged liability under the Kansas Product Liability Act, K.S.A. § 60-3301 *et. seq*.

*I.  Factual Background*:

Plaintiffs provided commercial property coverage and inland marine coverage to Pratt Community College.  A fire occurred at Pratt Community College on January 5, 2003, which resulted in substantial damages to the Advising and Testing Center and its contents.  Plaintiffs compensated the college for damages to its buildings and its contents, which exceeded $350,000.

Defendant, Princeton Digital (USA) Corporation (hereinafter "Princeton Digital"), was in the business of designing, manufacturing and selling computer monitors, including Princeton E050 monitors.  Prior to the fire, in February 1998, Pratt purchased Princeton E050 computer monitors from defendant Insight Enterprises, Inc. (hereinafter "Insight").  Princeton Digital was the manufacturer of the monitors.  Plaintiffs assert claims against defendant Princeton Digital and Insight for strict liability and negligence.

Kathy S. Miller is a legal assistant employed by the EMC Insurance Company (hereinafter "EMC"). EMC's issuing companies, Employers Mutual Casualty Company and EMCASCO Insurance Company, provided property coverage and commercial inland marine coverage, respectively, to Pratt Community College.

Ms. Miller worked with the in-house attorney to file the complaint on January 4, 2005. Princeton Digital was named in the complaint as the manufacturer of the Princeton E050 monitor and as seller of the monitor to defendant Insight.

In May and June 2005, the in-house attorney received correspondence and pleadings from Princeton Digital which stated that Princeton Digital purchased the assets of Princeton Graphic

Systems, Inc.; that Princeton Graphic Systems, Inc., changed its name to PGS OEM, Inc.; and that PGS OEM, Inc., was the proper party to name in the complaint. After the in-house attorney became aware of the information, the attorney sought leave to amend the complaint.

Before Ms. Miller filed the original complaint, she researched the entity that she believed manufactured the monitor and thereafter sold to defendant Insight. She discovered the following information: (a) an invoice issued to Pratt Community College by defendant Insight, dated February 25, 2998, which identifies 10 Princeton E050 monitors along with a support telephone number; (b) Insight's web page that indicates it sells Princeton Graphic's products; (c) a website for Princeton Digital which states "Princeton Digital (USA) Corp.\Home" in the upper-left hand corner as well as "http://www.princetongraphics.com" in the left-hand bottom of the document which led Ms. Miller to believe that the website was Princeton Graphic's homepage and that Princeton Graphic and Princeton Digital were the same company; (d) Princeton Digital's website which contains information about Princeton introducing monitors in the early 1980s, in 1982, in 1997, and 1998, which indicated to Ms. Miller that Princeton Digital was the same company that sold the monitors to the college; (e) Princeton Digital's website that also contains E0 Series Warranty Information; (f) the warranty information included consumer purchases from November 1, 1997; (g) the Thomas Register entry dated December 15, 2003 which identifies Princeton Graphic Systems, Co., Inc., as a "manufacturer" with a web address of "http://princetongraphics.com" and a telephone number of (714) 751-8405. When plaintiffs filed the complaint, the website address and telephone number were connected to Princeton Digital. Additionally, Ms Miller called the California Secretary of State's office, which identified Princeton Graphic Systems, Inc., with a "forfeited" status in 1991, before the insured purchased

3

the computer monitor in 1998.  Finally, Ms. Miller also checked the Hoover's website for information, which included "Princeton Digital (USA) (formerly Princeton Graphic Systems)" as a corporation.  Plaintiffs' Exhibit 10.

In its response to plaintiffs' motion to extend time to obtain service, defendant stated that Princeton Digital (USA) Corp. (Princeton Digital) did not exist at the time period relevant to plaintiffs' cause of action.  Instead, defendant noted, plaintiffs should have sued Princeton Graphic Systems, Inc., which is now known as PGS OEM, Inc.  Defendant also stated that Princeton Digital was not formerly known as Princeton Graphic Systems, Inc.

Following defendant's response, plaintiffs filed a motion to amend the complaint, upon which the court entered an order which granted plaintiffs' motion to amend the complaint.  The amended complaint filed on July 20, 2005 includes the same theories of strict liability and negligence as alleged in the original complaint.

Thereafter, plaintiffs served defendant PGS OEM on Friday September 16, 2005, within the 120 days required by Fed. R. Civ. P. Rule 4(m) and 58 days after the filing of the amended complaint on July 20, 2005.  The issue presented here for determination is whether plaintiffs' amended complaint relates back to the original complaint filed on January 4, 2005 and whether summary judgment is appropriate against defendants PGS OEM, Inc. and Insight Public Sector, Inc. on the issue of liability under the Kansas Product Liability Act.

*II.  Standard of Review*:

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

4

56(c). In considering a motion for summary judgment, the court must examine all of the evidence in a light most favorable to the opposing party. *Jurasek v. Utah State Hosp.,* 158 F.3d 506, 510 (10th Cir. 1998). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Baker v. Board of Regents,* 991 F.2d 628, 630 (10th Cir.1993). The moving party need not disprove the nonmoving party's claim or defense; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir.1987).

The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. ``In the language of the Rule, the nonmoving party must come forward with `specific facts showing that there is a *genuine issue for trial*.' '' *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in *Matsushita* ). The opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the opposing party must present significant admissible probative evidence supporting that party's allegations.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## III.  Conclusions of Law:

### A.  Plaintiffs' Motion for Partial Summary Judgment Against Defendant PGS OEM and Defendant PGS OEM's Motion to Dismiss:

Plaintiffs argue that the amended complaint filed on July 20, 2005 relates back to the original complaint filed on January 4, 2005.  Defendant, in its motion to dismiss, argues that the plaintiffs do not meet the Rule 15(c)(3) requirements for relation back to the original complaint.

Fed. R. Civ. P. Rule 15(c)(3) controls whether an amendment which changes the party against whom a claim is asserted relates back to the filing of the original pleading.  Rule 15(c) provides:

> (c) Relation Back of Amendments.  An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Relation back under 15(c)(3) is dependent on four factors: (1) the claim must have arisen out of the conduct set forth in the original pleading; (2) the party against whom the claim is made must have received notice that it will not be prejudiced in providing a defense; (3) the party against whom the claim is made must or should have known that but for the mistake of identity, the action would have been brought against the party; and (4) requirements two and three must occur within the prescribed period for service of process, 120 days after the filing of the original complaint under Rule 4(m).  *Bloesser v. Office Depot, Inc.*, 158 F.R.D. 168 (D. Kan. 1994).

The claims against PGS OEM arise from the same conduct as set forth in the original complaint, that an allegedly defective Princeton E050 computer monitor caused a fire at Pratt Community College, which resulted in damages in excess of $350,000.  Plaintiffs note that the original complaint was filed on January 4, 2005 against defendants "Princeton Digital (USA)

6

Corp. f/k/a Princeton Graphic Systems, Inc., and Insight Enterprises, Inc." The complaint alleged that a fire occurred at Pratt Community College ("Pratt") on January 5, 2003 causing substantial damages to its buildings and the contents. The plaintiffs' insurance companies insured Pratt against such losses and paid in excess of $350,000 to Pratt pursuant to the insurance policies. The plaintiffs' insurance companies were subrogated to Pratt's rights and also obtained an assignment from Pratt of its rights of action.

The complaint further alleges that a defective Princeton E050 computer monitor manufactured by Princeton Digital (USA) Corp. f/k/a Princeton Graphic Systems, Inc., caused the fire. Princeton Digital (USA) Corp. f/k/a Princeton Graphic Systems, Inc., allegedly sold the monitor to defendant Insight who in turn sold the monitor to Pratt. Plaintiffs' amended complaint filed on July 20, 2005 contained the same claims in strict liability and negligence as were asserted in the original complaint.

As to the second requirement of notice, the evidence demonstrates that defendant PGS OEM received notice and therefore will not be prejudiced in providing a defense. The text of Rule 15(c)(3) does not require actual service upon a putative defendant in order for the "notice" requirement to be met, nor does the rule require that the plaintiffs issue the notice. *Loveall v. Employer Health Servs., Inc.*, 196 F.R.D. 399, 403. "[T]he text of the rule merely provides that the notice be such that 'the party will not be prejudiced in maintaining a defense on the merits.'" *Id*.

At the time Princeton Digital purchased Princeton Graphic Systems on June 1, 2003, William Wang was the CEO of Princeton Graphic Systems. After Princeton Graphic Systems

changed its name to PGS OEM, William Wang was the CEO of PGS OEM, Inc.  Mr. Wang also

served as a paid consultant to Princeton Digital during this time.

By April 4, 2005, PGS OEM's insurance carrier employed an attorney, Gary Willnauer.

In an e-mail dated April 4, 2005, Jeffrey Chang, an attorney who represented Princeton Digital

wrote to Robert (Rob) Brinkman, CEO of Princeton Digital, with a copy sent to Mr. Wang:

> I just spoke with Gary Willnauer, the attorney hired by Broadspire
> Insurance Co. to defend PGS in the Kansas fire case.  He asked me
> what's the difference between PGS and PDC [Princeton Digital
> Corporation], and I told him that the 2 are separate and independent
> companies, where PDC purchased PGS' assets, not liabilities. . . .
> One last warning Gary put in: He was trying to brows [sic] the web-
> site of PDC, and his reading of the web-site let [sic] him to believe
> that "PDC is formerly PGS."  He has no doubt that the plaintiffs also
> arrived at the same conclusion from their web search.

Plaintiffs' Exhibit 2, Affidavit of Robert (Rob) Brinkman, at ¶ 14.

Following the April 4, 2005 e-mail to Mr. Brinkman, Mr. Wang asked Mr. Brinkman

about the e-mail.  Mr. Brinkman's Affidavit states:

> That within a few days after the April 4, 2005 email from Jeffrey
> Chang to me and William Wang, and William Wang's email to me
> on the same date asking, "Rob what is this for?," I had a follow-up
> discussion with William Wang during which we discussed the fact
> that the lawsuit had been filed against Princeton Digital, and that the
> monitor involved in the lawsuit was sold prior to the formation of
> Princeton Digital; that based upon my discussion with Mr. Wang, Mr.
> Wang knew that the monitor which was the subject of the lawsuit had
> been sold by Princeton Graphic and not by Princeton Digital and that
> the monitor was the responsibility of PGS OEM (formerly Princeton
> Graphic Systems, Inc.); that Mr. Wang specifically told me during our
> discussion that Princeton Digital should tender the lawsuit to PGS
> OEM as it was PGS OEM's responsibility; and that based upon the
> April 4, 2005 emails, Mr. Wang knew that although Princeton Digital
> was named in the lawsuit, the lawsuit should have been brought
> against PGS OEM (formerly known as Princeton Graphic Systems,
> Inc.) because the monitor had been sold by Princeton Graphic.

*Id*. at ¶ 11.  Furthermore, in an e-mail on April 27, 2005, Ronald W. Ishida, another attorney with the law firm that represented Princeton Digital, wrote an e-mail to Mr. Brinkman.  Mr. Brinkman, in responding to the e-mail on April 28, 2005, copied Mr. Wang with the following:

> We need your response immediately on the lawsuit filed in the U.S. District Court in Kansas.  I spoke with the law firm representing Employers Mutual Casualty, explained that the monitor alleged to have caused the fire and resulting property damage was sold in 1998, and the incident in question occurred in January 2001, prior to the formation of PDC (Princeton Digital Corporation).

*Id*. at ¶ 12.  Thereafter, Mr. Brinkman asked Mr. Ishida how Princeton Digital should proceed to tender the claim to PGS.  Mr. Ishida replied that Princeton Digital should give authorization to tender its claim to PGS.  When Mr. Brinkman asked in an e-mail whether Mr. Wang had an issue with directing Mr. Brinkman to give authorization, Mr. Wang responded by stating: "Go ahead." *Id*. at ¶ 13.

The court finds from the communications between Mr. Willnauer, Mr. Chang, Mr. Brinkman, Mr. Wang, and Mr. Ishida, that PGS OEM, through Mr. Wang as CEO, knew of the lawsuit which was filed against Princeton Digital as late as April 28, 2005, within the 120 days required by Rule 15(c)(3), and therefore would not be prejudiced in providing a defense.

In opposing plaintiffs' motion for partial summary judgment and in its motion to dismiss, defendant PGS OEM argues that plaintiffs are not entitled to a relation back of the complaint under Rule 15(c)(3) because plaintiffs do not meet the third requirement of mistake under the Rule.  The court disagrees with defendant because plaintiffs' failure to name PGS OEM as a defendant resulted from the mistaken belief that plaintiffs asserted claims against the proper party.

Although defendant relies primarily on *Rennie v. Omniflight Helicopters, Inc.*, No. 97-1524, 1998 WL 743678 (4th Cir. 1998), the court finds the case to be distinguishable.  In *Rennie*, plaintiffs were injured in a helicopter accident and sued "Helicopter Transport Services, Inc., formerly known as Omniflight Helicopters, Inc., and Omniflight Airways, Inc."  *Id.* at *1. Helicopter Transport Services filed a motion to dismiss on the ground that it did not exist at the time of the accident.  After plaintiffs agreed to the dismissal, plaintiffs filed an amended complaint against Omniflight.  In determining whether the complaint was timely under Rule 15(c)(3), the court noted:

> Plaintiffs knew that Omniflight was the party that contracted to maintain the helicopters.  The fact that Plaintiffs thought that HTS was successor in interest to Omniflight does not satisfy the requirements of Rule 15.  Therefore, the naming of HTS in the original complaint was a misjoinder, not merely a misnomer.

*Id.* at *2 (citing *Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir. 1973)).  In its initial complaint, plaintiffs filed the complaint against "Princeton Digital (USA) Corp., f/k/a Princeton Graphic Systems, Inc."  Plaintiffs' Complaint, at pg. 1.  However, unlike the plaintiffs in *Rennie*, the plaintiffs did not know that PGS OEM was the proper party to include in the complaint. *See id.* (finding that plaintiffs knew the correct party to include in the initial complaint).

The court finds the present case to be analogous to *Loveall v. Employer Health Services, Inc.*, 196 F.R.D. 399 (D. Kan. 2000).  In *Loveall*, plaintiff was injured due to an alleged defect in electrodes and brought suit to recover for his injuries.  He named the defendant as the company who included its name on a package insert accompanying sample electrodes.  Upon discovering that the allegedly defective electrodes were traceable to another company, plaintiff amended its complaint to change defendants.  Ultimately, the court held that relation back was appropriate

because "plaintiff was merely mistaken in his belief that National medical was the seller, distributor, and/or manufacturer of the electrodes, and as a result misidentified National Medical as the proper party against which his product liability claims were assertable." *Id*. at 404. Additionally, the court noted that the original defendant sent a copy of the complaint to the party to be included in the amended complaint. From these actions, the court believed that the mistake requirement was met because the party to be included in the amended complaint, Bi-State, knew or should have known that, but for plaintiff's mistaken belief that National Medical was the proper party, Bi-State would have been named in the action. *Id*.

Similarly, in the present case, plaintiffs simply were mistaken in naming the proper defendant. Plaintiffs attempted to find the correct defendant through its research, but believed that Princeton Digital and Princeton Graphics were the same company. Moreover, the proper defendant, PGS OEM, through its CEO, Mr. Wang, became aware of the lawsuit and that it was the proper party to be included, through correspondence with Princeton Digital as late as April 28, 2005, within the 120 days prescribed by Rule 15(c)(3). Therefore, plaintiffs' motion for partial summary judgment against PGS OEM is granted and defendant's motion to dismiss is denied.

*B.  Plaintiffs' Motion for Partial Summary Judgment Against Defendants PGS OEM, Inc. & Insight Public Sector, Inc.*:

Plaintiffs submit that summary judgment is appropriate against defendants PGS OEM and Insight Public Sector on the issue of liability under the Kansas Product Liability Act, K.S.A. § 60-3301 *et. seq*.  In support of their motion, plaintiffs argue:

> Plaintiffs are entitled to partial summary judgment against defendants
> PGS OEM f/k/a Princeton Graphic Systems, Inc. and Insight Public
> Sector, Inc., that as product sellers both are subject to liability to the
> plaintiffs if the plaintiffs establish that the subject monitor was
> defective, and that the defective monitor caused the fire and the
> damages to the plaintiffs' insured, Pratt Community College, and
> prove the other requirements for liability under the theory of
> negligence and/or strict liability in tort, unless the defendants prove
> they are exempt from liability under the provisions of K.S.A. 60-
> 3306.

Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment Against

Defendants PGS OEM, Inc., f/k/a Princeton Graphic Systems, Inc., and Insight Public Sector,

Inc., (substituted for Insight Direct USA, Inc.), Dkt. No. 100, at pp. 5-6.  In its response to

plaintiffs' motion, defendant Insight notes that the court allowed limited discovery in order for

plaintiffs to file potentially dispositive motions as to three defendants, including the present

motion.  Defendant Insight did not oppose plaintiffs' motion.

However, plaintiffs' present motion does not meet the initial burden to demonstrate that

there is no genuine issue of material fact.  Plaintiffs' present motion only states specifically that

defendant Insight is liable if Insight cannot prove that it is entitled to relief under the seller's

exception, K.S.A. § 60-3306.  Plaintiffs do not attempt to demonstrate that the subject monitor

was defective, that the defective monitor caused the fire and the damages to Pratt Community

College, and the other requirements for liability in negligence and/or strict liability in tort.

Furthermore, plaintiffs do not demonstrate that defendants are not exempt from liability under

the Kansas Product Liability Act, K.S.A. § 60-3301 *et. seq*.  For this reason, the court denies

plaintiffs' motion for partial summary judgement against defendants PGS OEM and Insight

Public Sector on the issue of liability under the Kansas Product Liability Act, K.S.A.     § 60-3301 *et seq*.

IT IS ACCORDINGLY ORDERED this 23rd day of April, 2007, that defendant's motion to dismiss (Dkt. No. 96) is denied; that plaintiffs' motion to strike defendant's motion to dismiss (Dkt. No. 101) is denied; that plaintiffs' motion for partial summary judgment as to defendant PGS OEM (Dkt. No. 97) is granted; that plaintiffs' motion for partial summary judgment as to defendants PGS and Insight (Dkt. No. 99) is denied; that defendant's motion to strike plaintiffs' motion for partial summary judgment (Dkt. No. 103 ) is denied; and that plaintiffs' motion to strike defendant's response (Dkt. No. 107 ) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE